## Swire's Estate.

*Will—Signature—"At the end thereof."*

1. The statute requires that a will shall be in writing, and signed by the testator "at the end thereof." The end meant by this provision is the logical end of the language used, which shows that the testamentary purpose has been fully expressed. The position of the signature with regard to the bottom or end of the page is only evidence on the question whether the testator has completed the expression of his intention. Prima facie that is the natural place for the signature to be placed to show the full expression of the testator's wishes and therefore is presumptively the right place for it, but it is only evidence and must give way to evidence of a different intent.

2. Where the full substance of the testator's intent is expressed, and his signature is at what he intends and regards as the end of his will, the continuity of the sense and not the mere position on the page must determine the statutory "end thereof," as the place for the signature.

3. Parol testimony as to marginal writing on a will is admissible, but it must be received with caution.

Argued March 22, 1909. Appeal, No. 351, Jan. T., 1908, by Samuel T. McGinley, from decree of O. C. Phila. Co., Oct. T., 1906, No. 293, refusing an issue devisavit vel non in Estate of Hetty W. Swire, deceased. Before MITCHELL, C. J., MESTREZAT, POTTER and ELKIN, JJ. Affirmed.

Appeal from register of wills. Before DALLETT, J.

The case turned upon whether the testatrix had signed the codicil to her will at the end thereof.

The codicil was as follows:

### SECOND CODICIL TO WILL.

"I, HETTY WHARTON SWIRE, do hereby make and publish this Second Codicil to my last will and testament as follows:

"1. I give and bequeath unto Lily Mc-Ginley my seal skin coat.

"2. I give and bequeath unto Edna Pennock my black and white check silk dress.

"3. I give and bequeath unto Mrs. William McGinley (Fortieth Street) my cut glass ware.

"4. I give and bequeath unto Lizzie Gibbs my cloth coat.

"5. I give and bequeath unto James P. Cairns the large pictures of my husband, David Owen Swire, and myself.

"6. I give and bequeath unto Lewis E. Herring the ornaments on the mantel in the parlor of my residence No. 5000 Walton Avenue, Philadelphia.

"7. I give and bequeath unto the Misses Bradley and to Mrs. Clara Mitchell, my other dresses.

"8. I give and bequeath unto my Cousin Benjamin Bradley my Knit Slumber Robe.

"9. I give and bequeath a Dining Room Table Cover unto my Niece Anna Austin.

"10. I give and bequeath the Family Bible to my Nephew William J. McGinley (The McGinley Bible).

"11. I give and bequeath the Swire Bible to James P. Cairns.

"12. I give and bequeath all the rest residue and remainder of my estate unto my nieces and nephews and the nieces and nephews of my deceased husband David Owen Swire share and share alike.

"IN WITNESS WHEREOF I have hereunto set my hand and seal this Twentieth day of April, A. D. One thousand nine hundred and six (1906).

"HETTY W. SWIRE. [Seal]

"Signed, sealed, published and declared by the above named Hetty W. Swire as and for a Second Codicil to her last will and

testament in the presence of us who at her request in her presence and in the presence of each other have hereunto subscribed our names as witnesses.

　　　　　　　　　"EDNA PENNOCK,
　　　　　　　　　"ALFRED MOORE."

*Error assigned* was the refusal of the court to award an issue devisavit vel non.

*Clinton A. Sowers* and *John B. Rutherford*, for appellant.— The codicil was not signed at the end thereof: Hayes v. Harden, 6 Pa. 409; Wikoff's App., 15 Pa. 281; Baker's App., 107 Pa. 381; Fosselman v. Elder, 98 Pa. 159; Irwin v. Jacques, 71 Ohio, 395; Glancy v. Glancy, 17 Ohio, 134; In re Walker, 110 California, 387 (42 Pac. Repr. 815); O'Neil's Will, 91 N. Y. 516; Sisters of Charity v. Kelly, 67 N. Y. 409; Conway's Will, 124 N. Y. 455 (26 N. E. Repr. 1028); Wineland's App., 118 Pa. 37; Andrews's Will, 162 N. Y. 1 (56 N. E. Repr. 529).

*Henry Spalding*, with him *David N. Fell, Jr.*, for appellees.— In Pennsylvania a review of the authorities will show that a will has never been declared invalid as not in compliance with the act of 1833 except where a testamentary provision was physically beneath the signature at the time the will was executed and not referred to in the body of the will: Hays v. Harden, 6 Pa. 409; Wikoff's App., 15 Pa. 281; Heise v. Heise, 31 Pa. 246; Fosselman v. Elder, 98 Pa. 159; Baker's App., 107 Pa. 381; Morrow's Estate, 204 Pa. 479; Saunders v. Samarreg Co., 205 Pa. 632.

The purpose of the legislature in enacting the requirement of the act of 1833 that wills should be signed at the end, was not to prevent fraudulent alterations and additions, but to require the authentication of wills as complete and finished instruments: Hays v. Harden, 6 Pa. 409; Heise v. Heise, 31 Pa. 246; Knox's Est., 131 Pa. 220.

The Ohio and New York cases relied upon by the appellant are based upon the erroneous assumption that acts requiring

wills to be signed at the end were passed to prevent fraudulent·
additions and alterations thereto. They have led to a narrow
and technical view of the law at variance with our own and the
English decisions.

The English courts have adopted a liberal construction of
the requirement that wills be signed at the end: Goods of
Kempton, 3 Swabey & Tristam, 427; Goods of Woodley, 3
Swabey & Tristam, 429; Goods of Archer, L. R. 2 Pro. & Div.
252; Goods of Ainsworth, 23 L. T. Reps. 324.

OPINION BY MR. CHIEF JUSTICE MITCHELL, June 22, 1909:

The statute requires that a will shall be in writing, and
signed by the testator "at the end thereof." The end meant
by this provision is the logical end of the language used, which
shows that the testamentary purpose has been fully expressed.
The position of the signature with regard to the bottom or end
of the page is only evidence on the question whether the
testator has completed the expression of his intention. Prima
facie that is the natural place for the signature to be placed to
show the full expression of the testator's wishes and therefore
is presumptively the right place for it, but it is only evidence
and must give way to evidence of a different intent.

In Hays v. Harden, 6 Pa. 409, Chief Justice GIBSON says:
"Signing at the end of a will was required by the statute
to prevent the evasion of its provisions that followed the
English statute of frauds, which the judges held to be satisfied
wherever the testator's name, in his own handwriting, was
found in the introductory or any other part of the instru-
ment." In Heise v. Heise, 31 Pa. 246, STRONG, J., says: "Nor
should we lose sight of the mischiefs which existed at the
time when it (the statute) was enacted; mischiefs which it
was designed to remedy. Among these, none was more serious
than the facility with which unfinished papers, mere inchoate
expressions of intention, were admitted to probate as valid
wills of decedents. Letters, memoranda, mere notes unsigned,
which were entirely consistent with a half formed purpose,
and which may have been thrown aside, and never intended to
be operative, were rescued from their abandonment, proven

as wills, and allowed to prevail as dispositions of property which there was much reason to believe the decedent never intended. It was to remedy this mischief that the act of 1833 provided, that every will should be signed at the "end thereof," that thus, by his signature in that place, the testator should show that his testamentary purpose was consummated, and that the instrument was complete." And in Knox's Estate, 131 Pa. 220, it was said: "The purposes of the act of 1833 were accuracy in the transmission of the testator's wishes, the authentication of the instrument transmitting them, the identification of the testator, and certainty as to his completed testamentary purpose. The first was attained by requiring writing instead of mere memory of witnesses, the second and third by the signature of testator, and the last by placing the signature at the end of the instrument. The first two requirements were derived from the English statute; the third was new (since followed by the act of 1 Vict., c. 26), and was the result of experience of the dangers of having mere memoranda or incomplete directions taken for the expression of final intention: Baker's App., 107 Pa. 381; Vernon v. Kirk, 30 Pa. 218."

In the present case the connected sense of the text is entirely clear, though it does not follow the usual order of arrangement. But it does not deviate from it more than many letters written in the style of the present day where the writing jumps from the first to the third page and then back to the second. The full substance of the testatrix's intent and its expression are there, and the signature is at what she intended and regarded as the end of her will. Where that is manifest the continuity of sense and not the mere position on the page must determine the statutory "end thereof" as the place for the signature. The unusual, and as it might be called irregular arrangement of the several parts of the will is not so great as in Wikoff's Appeal, 15 Pa. 281. There is no Pennsylvania case which conflicts with this view, though care must be taken to distinguish cases like Hays v. Harden, 6 Pa. 409, where an addition after the signature was held to be testamentary and therefore to invalidate the will; Wikoff's

Appeal, 15 Pa. 281, where the converse was held, that a mere memorandum not testamentary in character did not have that effect; Heise v. Heise, 31 Pa. 246, where a testamentary clause after the signature but not signed, and shown not to have been on the will when the latter was executed, was held not to affect its validity. This was, however, a fully executed will and plainly within the protection of the clause of the statute that no will shall be repealed otherwise than by some other will or codicil duly executed and proved, or by burning, canceling, obliterating or destroying the same, by the testator or by someone in his presence and by his express directions.

We are not unmindful of possible danger in allowing marginal writing to be counted as part of the text of the will. Certainly parol testimony to that effect where there is no reference in the will, to identify and incorporate it, must be received with caution. But to some extent parol testimony must always be admissible, as to prove signatures, show identity, etc. The exact point at which it must stop cannot be laid down in any hard and fast terms, but must depend on the necessity of the case. It will be observed that in Wikoff's Appeal, 15 Pa. 281, and Heise v. Heise, 31 Pa. 246, the testimony was admitted apparently without objection. In the present case the question is purely theoretical as the good faith of the entire transaction is admitted.

Decree affirmed.